# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RUSSELL A. MCWHORTER,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1215** (BOR Appeal No. 2050489)
                            (Claim No. 2013033208)

**RYAN BUILDERS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Russell A. McWhorter, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ryan Builders, by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 24, 2015, in which the Board affirmed an April 28, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2014, decision denying the additional conditions of old disruption of cruciate ligament, lumbosacral neuritis, and lumbosacral sprain/strain. In its Order, the Office of Judges also affirmed two May 7, 2014, claims administrator decisions denying a request for Prednisone, continued temporary total disability benefits, a lumbar MRI, and lumbar physical therapy. Lastly, the Office of Judges affirmed an April 18, 2014, claims administrator decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McWhorter, a carpenter, was injured in the course of his employment on May 24, 2013, when he fell from a ladder. He sustained injuries to his right knee that eventually required surgery and physical therapy. Approximately three months after the compensable injury

1

occurred, Mr. McWhorter began reporting lower back pain. He has previously experienced back pain in 2005 when treatment notes by Dr. Moore indicate he was treated for a herniated disc. A March 1, 2005, lumbar x-ray showed minor hypertrophic changes at L3-4. A lumbar MRI revealed a disc protrusion at L4-5 with spinal canal narrowing at L3-4 and L4-5. March 17, 2005, treatment notes by Frederick Armbrust, M.D., indicate Mr. McWhorter was treated for lower back and bilateral leg pain. He was diagnosed with a herniated lumbar disc with radiculopathy and chronic lower back pain. Surgery was not recommended and conservative treatment was administered.

Mr. McWhorter was treated by Allen Young, M.D., for his current complaints. On March 12, 2014, Dr. Young opined that the right lower back would have been affected by the compensable injury, but the symptoms may have been initially overlooked due to the severity of the knee injury. He diagnosed lumbosacral neuritis or radiculitis and lumbosacral sprain. A March 31, 2014, MRI revealed multilevel degenerative changes, most severe at L5-S1 where there was a disc extrusion.

A physician review of the case was performed on April 1, 2014, by Syam Stoll, M.D. Dr. Stoll opined that authorization for a lumbar MRI and physical therapy should be denied because Mr. McWhorter's current complaints were due to pre-existing, non-compensable back pain. Dr. Young disagreed in an April 3, 2014, treatment note. He opined that the claims administrator had incorrectly determined that the back problems were unrelated to the compensable injury. He asserted that a patient reporting right thigh and calf pain should be sufficient. He stated that with S1 nerve root symptoms, it is difficult to tell that they are coming from the back. He opined that it is difficult to say that the May 24, 2013, accident did not cause the lower back problems given that Mr. McWhorter now has a disc extrusion with radicular symptoms and he had no pre-existing lower back problems.

Treatment notes from Neurological Associates from April 14, 2014, through April 16, 2014, indicate Mr. McWhorter underwent surgery for a herniated L5-S1 disc on April 16, 2014. He reported prior to the surgery that he had been in extreme pain for six weeks but that the original injury occurred in September of 2013. A review of the March 31, 2014, MRI showed a ruptured L5-S1 disc with nerve root compromise and degenerative disc disease at multiple levels. On April 14, 2014, John Schmidt, M.D., noted that Mr. McWhorter had pain since September of 2013 but that the problems went back to an injury sustained when he fell from a ladder.

Rebecca Thaxton, M.D., performed a record review on May 4, 2014, in which she concluded that low back sprain/strain and neuritis should not be added to the claim. The StreetSelect Grievance Board recommended denying a lumbar MRI and physical therapy on May 6, 2014. It found that the claim was allowed for multiple conditions, that Mr. McWhorter was treated with surgery and physical therapy, and that he had a positive outcome. His back complaints were found to be more recent and it was noted that he had a history of low back pain. The Board also determined that Prednisone and continued temporary total disability benefits were not appropriate given the above reasons.

On June 18, 2014, the StreetSelect Grievance Board recommended denying a request to add old disruption of cruciate ligament, lumbosacral neuritis, and lumbosacral sprain/strain to the claim. The Board found that Mr. McWhorter fell from a ladder, injured his knee, and underwent surgery and treatment. Several months later, he began complaining of radiating pain into the buttock and thigh and was diagnosed with sciatica. Drs. Stoll and Thaxton both performed record reviews and concluded that the lumbar spine findings and complaints were not related to the compensable injury since the symptoms did not appear until several months later, which is inconsistent with West Virginia Code of State Rules § 85-20 (2006) treatment guidelines for sprain/strain injuries.

Prasadarao Mukkamala, M.D., performed a record review on January 19, 2015, in which he diagnosed status post anterior cruciate ligament reconstruction for the right knee. He found Mr. McWhorter had reached maximum medial improvement for the compensable injury. He opined that the claims administrator appropriately closed the claim for temporary total disability benefits on April 18, 2014, because Mr. McWhorter reached maximum medical improvement well before that date. He also opined that the claims administrator appropriately denied a lumbar MRI, Prednisone, physical therapy, and the diagnoses updates. He noted the lower back complaints did not arise until September of 2013, more than three months after the compensable injury occurred.

The claims administrator closed the claim for temporary total disability benefits on April 18, 2014. In two May 7, 2014, decisions, it denied a lumbar MRI, lumbar physical therapy, Prednisone, and continued temporary total disability benefits. On June 18, 2014, the claims administrator denied the addition of old disruption of cruciate ligament, lumbosacral neuritis, and lumbosacral sprain/strain to the claim. The Office of Judges affirmed the decisions in its April 28, 2015, Order.

The Office of Judges found that Ryan Builders asserted Mr. McWhorter was found to be at maximum medical improvement by Dr. Mukkamala on May 7, 2014. He was awarded a 4% permanent partial disability award, which was appealed and affirmed by the Office of Judges. Further, Drs. Thaxton, Stoll, Mukkamala, and the members of the StreetSelect Grievance Board all agreed that his lumbar spine problems are not related to the compensable injury. The Office of Judges determined that Dr. Armbrust, a neurosurgeon, found on August 28, 2014, that Mr. McWhorter attributed his back pain to lifting a tiller, which presumably occurred off the job. Dr. Armbrust also noted that his back and bilateral leg pain started eight months prior "with no precipitating event."

Ryan Builders further asserted that Mr. McWhorter's back problems are pre-existing and chronic. A May 15, 2005, report by G. Mark Moreland, M.D., documented that he had mid-back pain. A May 1, 2005, radiology report showed hypertrophic changes at L3-4. Similarly, an MRI performed the same day revealed a disc protrusion at L4-5 and narrowing at L3-4 and L4-5. A February of 2005 report by Dr. Moreland also mentioned that he complained of recurring back pain and was taking Lortab for it at that time.

Ryan Builders argued that Mr. McWhorter does appear to have residual impairment to his right knee, but that was to be expected and he has been compensated by his 4% permanent partial disability award. It pointed out that Dr. Mukkamala reviewed the medical records and found that Mr. McWhorter had reached maximum medical improvement and that temporary total disability benefits were properly ended. He agreed with the claims administrator's decisions denying the requested medical benefits, temporary total disability benefits, and additional lumbar diagnoses. Dr. Mukkamala found that Mr. McWhorter's back complaints did not begin until three months after the injury occurred. His back symptoms were therefore unrelated to the compensable injury. The Office of Judges found Ryan Builder's arguments to be persuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 24, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. McWhorter has well documented pre-existing lower back problems. He injured his right knee when he fell from a ladder in May of 2013. He did not begin reporting symptoms of lower back pain until September of 2013. The record has been reviewed by three separate physicians and all of them concluded that his lower back complaints are not the result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II